**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 97-4592

EMMANUEL BANKS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
W. Earl Britt, Senior District Judge.
(CR-96-7-BR)

Submitted: October 20, 1998

Decided: November 3, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Douglas McCullough, STUBBS & PERDUE, P.A., Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Anne M. Hayes, Assistant United States Attorney, Jane J. Jack-
son, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Emmanuel Banks appeals his conviction for conspiracy to possess with the intent to distribute and distribution of cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841, 846 (1994). We affirm.

In 1990, James Robert Miller began sending drug runners from North Carolina to New York to purchase cocaine for distribution in North Carolina. In 1991, Thomas Riddick put Miller in touch with Banks, who sold Miller cocaine at a lower price. Miller testified that he made several telephone calls to Banks to arrange for the delivery of the cocaine and sent various members of the conspiracy to New York to purchase cocaine from Banks. Miller also testified that he actually met with Banks in North Carolina when Banks was there with his friend Tashiem, who also transported cocaine for Banks to North Carolina.

Reginald White testified that he made between eight and eleven trips to New York to pick up cocaine from Banks and once met with Banks and Riddick in New York and paid $24,000 for a bag of cocaine. Frankie Winslow testified that he made six trips to New York to pick up cocaine from Banks. Lloyd Harrell also testified that he made seven trips to New York and that on the first trip, Riddick introduced Harrell to Banks.

Banks testified that he knew Miller and some of Miller's associates and had spoken with them on several occasions but had never been to North Carolina. Banks further testified that he did not sell cocaine to Miller or his associates, but rather sold them videotapes purchased from street vendors in New York.

On appeal, Banks asserts that the district court erroneously denied his motion for new trial based on newly discovered evidence that

2

Government witnesses violated Fed. R. Evid. 615. **1** We review the district court's denial of a motion for new trial for an abuse of discretion. See United States v. Campbell, 977 F.2d 854, 860 (4th Cir. 1992). The standard for granting a new trial is:

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993) (citation omitted).

Banks fails to present sufficient evidence of a violation of the sequestration order that is material to the issues and that would have resulted in an acquittal. Banks claims that because Miller did not state that he saw Banks in North Carolina until the date of trial and that several witnesses claimed to have met with Banks on the "fifth or sixth" floor of an apartment building that did not have a fifth floor, the witnesses must have collaborated on their testimony. At the hearing on the motion for new trial, Banks only presented the testimony of James Riddick,**2** who claimed to have overheard government witnesses discussing their testimony while in the lock-up cell during the trial. At the hearing, the Government introduced a letter from James Riddick to his son stating that he would try to get Banks a new trial.

---

**1** Rule 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is known by a party to be essential to the presentation of the party's cause."
**2** James Riddick is Thomas Riddick's father. The Government brought James Riddick to Banks' trial because it was thought he had relevant information based upon Thomas Riddick's connection to Banks.

3

James Riddick then testified that his son was worried about Banks, that the Government witnesses were implicating his son, that the Government would not be able to prosecute his son if Banks received a new trial, and that he first told the investigator that five of the witnesses had talked about their testimony but later stated that he only heard two witnesses discussing the name of the street on which Banks allegedly lived. The district court found that James Riddick lacked credibility and denied the motion. Thus, the only evidence of a violation of the sequestration order proffered by Banks is that the witnesses spoke about the name of the street on which Banks lived. This discussion was not material to the case, nor would it have resulted in an acquittal. We therefore find that the district court did not abuse its discretion by denying the motion.

Banks next asserts that the district court erred by denying his motion to compel the Government to grant immunity to Thomas Riddick. Banks claims that the Government withheld immunity to withhold exculpatory evidence from the jury. Without misconduct or overreaching on the part of the Government, the district court cannot compel the prosecution to provide defense witnesses with immunity for their testimony. See United States v. Abbas , 74 F.3d 506, 512 (4th Cir. 1996). The evidence of overreaching must be decisive, material and exculpatory. See United States v. Mitchell , 886 F.2d 667, 669 (4th Cir. 1989).

Banks concedes that there was no prosecutorial misconduct or overreaching. However, Banks claims that the prosecution withheld immunity in order to withhold exculpatory evidence because Thomas Riddick was prepared to testify that he introduced Miller to Banks to purchase videotapes and that he was not involved in any wrongdoing. Banks fails to establish the evidence was clearly material or exculpatory in light of other testimony that Thomas Riddick introduced Miller to Banks for the purpose of obtaining cocaine.

Accordingly, we affirm Banks' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4